# In the United States Court of Federal Claims

No. 17-1802C

(Filed: June 6, 2018)

```
*******************************
                              *
STEVE PAGE,                   *
                              *
              Plaintiff,      *
                              *
v.                            *
                              *
THE UNITED STATES,            *
                              *
              Defendant.      *
                              *
*******************************
```

ORIGINAL

FILED
JUN - 6 2018
U.S. COURT OF
FEDERAL CLAIMS

## DISMISSAL FOR FAILURE TO PROSECUTE

The Court, by its own motion, dismisses Mr. Page's complaint for failure to prosecute under Rule 41(b) of the Court of Federal Claims ("RCFC"). On February 15, 2018, the Government filed a motion to dismiss Mr. Page's complaint. Dkt. No. 12. Mr. Page failed to respond to the Government's motion by the Court's April 24, 2018 deadline. On May 14, 2018, the Court issued an order directing Mr. Page to respond to the Government's motion by May 25, 2018, including a statement explaining why the Court should not dismiss Mr. Page's complaint for failure to prosecute. Dkt. No. 19. In its order, the Court warned Mr. Page that failure to comply with the Court's order would result in dismissal of his complaint. Id. Mr. Page did not file a response on or before May 25, 2018.

RCFC 41(b) provides that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it." Rule 41(b) is a necessary tool to ensure efficient docket management and prevent undue delays in litigation. Link v. Wabash R.R. Co., 370 U.S. 626, 629–30 (1962). "While dismissal of a claim is a harsh action, especially to a *pro se* litigant, it is justified when a party fails to pursue litigation diligently and disregards the court's rules and show cause order." Whiting v. United States, 99 Fed. Cl. 13, 17 (2011) (citing Kadin Corp. v. United States, 782 F.2d 175, 176-77 (Fed. Cir. 1986)). Here, Mr. Page has failed to respond to the Government's motion to dismiss and to the

7017 1450 0000 1346 2007

Court's show cause order. Dismissal is therefore not only appropriate, but required to maintain judicial efficiency and conserve court resources.

Accordingly, this case is DISMISSED, without prejudice, for failure to prosecute in accordance with Rule 41(b), and all pending motions are dismissed as moot. The Clerk is directed to enter judgment for the Government.

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge